## BEABOUT, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co

Decided April 3, 1939

James B. Yaw, Columbus, Harry Kohn, Columbus, for A. A. Peasley.

Gibbs & Gibbs, Columbus, for the administrator.

James A. White, Columbus, for Gertrude Creamer.

(HORNBECK, PJ. and GUERNSEY, J., of the Third District, sitting by designation.)

## OPINION

By BARNES, J.

The above entiled cause is now being determined as an error proceeding by reason of appeal of A. A. Peasley on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio.

The controversy arose in the Probate Court of Franklin County, Ohio, where the appellant, A. A. Peasley as legatee under the last will and testament of Elizabeth Beabout (Ault) deceased, filed exceptions to the first and final account of V. H. Gibbs, administrator, with the will annexed of Elizabeth Beabout.

The administrator, V. H. Gibbs, filed a motion asking that the exceptions to the account be dismissed for the reason that the exceptor had previously filed.

exceptions to the schedule of debts, which exceptions had been overruled and the exceptor not having taken an appeal from the order of the Probate Court, as required under §10509-120, and not having filed a requisition on the administrator for the disallowance of the account as required under §10509-135, GC, the former ruling of the Probate Court on its exceptions to the schedule of debts was final and appellant would have no right to thereafter file exceptions to the account.

The last paragraph of §10509-119 as amended in 1935, the effective date being September 2, 1935, reads as follows:

"Subject to the right of review and to be opened up for fraud, collusion or mistake, the finding and order of the court shall be final as between parties who have filed exceptions or otherwise voluntarily entered their appearance."

The Probate Court sustained the motion and dismissed the exceptions to the account.

The exceptor, A. A. Peasley, then filed notice of appeal on questions of law and fact, thereby carrying the cause to the Common Pleas Court for hearing de novo. The Common Pleas Court found against the appellant and in so doing followed the reasoning of the Probate Court.

Following this judgment the appellant, A. A. Peasley, gave notice of appeal on questions of law and thus lodged the controversy in our court.

The bill of exceptions contains no testimony but is made up entirely of statements of counsel. From this we understand that, there is in reality no disagreement on the facts, but the entire controversy revolves around the determination of the law on the admitted facts.

The following brief statement of facts will render understandable the exact nature of the controversy.

Under the will of Elizabeth Beabout, Dr. A. A. Peasley was given a bequest of approximately $2200.00.

Mrs. Gertrude Creamer duly filed a

claim with the administrator, V. H. Gibbs against the estate in the sum of $6000.00 alleged to be for services performed by claimant for and on behalf of Mrs. Beabout and at her request on promise to pay at Mrs. Beabout's decease.

This item or claim of Mrs. Creamer was listed by the administrator in his schedule of debts and noted as allowed in the sum of $4000.00 Within time the legatee, Dr. Peasley, filed his exceptions to the schedule of debts. The Probate Court's decision on the nearing and exceptions to the schedule of debts is disclosed from the duly journalized entry of that court and is as follows:

"This case came on for hearing on exceptions filed by A. A. Peasley to the administrator's allowance of the claim of Gertrude Creamer for the sum of $4000.00 against the above named estate and upon hearing the evidence as to said exceptions and being fully advised, the court overruled said exceptions without determining the merits.

"The court further adjudges and decrees, without determining the merits, that said claim is in due and proper form and was legally sworn to and duly presented to the administrator on July 23, 1937, within four months from the date of his appointment. Said administrator duly received said claim and allowed the same in the amount of $4000.00.

"It is further adjudged and decreed that if said claim is found, upon a determination of the merits, to be a valid claim against the estate said claim shall be classed among other claims presented within four months from the date of the appointment of the administrator and which have been allowed by said administrator. It is further adjudged and decreed that the costs of this proceeding as to the exceptions be taxed later."

The administrator after the expiration of the time for appeal and the legatee, Dr. Peasley, not having filed requisition and bond for the disallowance of the Gertrude Creamer claim, paid the sum of $3065.16, being the total balance of the estate after payment of administrator's fees, attorney fees and court costs; thereafter a first and final account was duly filed to which Dr. Peasley filed exceptions and these exceptions are the predicate for the controversy now before us.

The sole question for determination is whether or not Dr. Peasley, after filing his exceptions to the schedule of debts and after an adverse ruling, can come in on the filing of the final account and again file exceptions to the identical claim which he had filed exceptions to in the schedule of debts. The question is directly and very clearly answered in the last paragraph of §10509-119, GC.

"Subject to the right of review and to be opened up for fraud, collusion or mistake, the finding and order of the court shall be final as between parties who have filed exceptions or otherwise voluntarily entered their appearance."

The earlier part of the section refers solely to the subject of schedules of debts and prescribes the procedure through which exceptions may be filed thereto and hearing had thereon. The appellant sought no review nor did he seek to have the order opened up for a fraud, collusion or mistake. Therefore, the order overruling the exceptions is final between all parties who filed exception or otherwise voluntarily entered their appearance. The appellant comes clearly within this provision because he filed exceptions. Hence the order of the court overruling the exceptions is final and he has no night to further question this item through exceptions to the account.

Counsel for the appellant argue that the Probate Court having determined that it would not consider the merits of the Gertrude Creamer claim, but only its proper classification if allowed, presented no controversial question on which Dr. Peasley could base an appeal. Under the admitted facts in the in-

stant case, it is our conclusion that the Probate Court had the power and jurisdiction to inquire into the merits of the Gertrude Creamer claim and that the court's determination in overruling exceptions without determining the merits would not limit the jurisdiction of a reviewing court on an appeal. If an appeal had been taken on questions of law and fact to the Common Pleas Court that court would determine the entire controversy de novo and would in no sense be controlled by the attempted limitation made by the Probate Court.

If an appeal had been taken to the Court of Appeals on question of law, then that court would have determined whether or not the Probate Court was within its rights in limiting the scope of the hearing on the exceptions.

The fact remains that the Probate Court overruled the exceptions to the schedule of debts and this is a final order to which the exceptor could have taken an appeal. Not having done so, the order is final as to the exceptor, Dr. Peasley.

We find that the Common Pleas Court was not in error in sustaining the administrator's motion to dismiss the exceptions and thereafter dismissing appeal.

The judgment of the court below will be sustained. Cause remanded for further proceedings according to law.

HORNBECK, PJ and GUERNSEY, J, concur.